[Civ. No. 29844. Second Dist., Div. Two. May 31, 1966.]

FARMERS UNDERWRITERS ASSOCIATION et al., Plaintiffs and Appellants, v. FRANCHISE TAX BOARD, Defendant and Respondent.

---

Early, Maslach, Foran & Williams and Harry Boyd for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Dan Kaufmann, Assistant Attorney General, and Neal J. Gobar, Deputy Attorney General, for Defendant and Respondent.

FLEMING, J.— ■ The sole issue on this appeal is the effective date of the 1963 amendments to Insurance Code, section 1530, and to Revenue and Taxation Code, section 12003 (Stats. 1963, ch. 1909). These amendments were intended to equalize the tax treatment of stock, mutual, and reciprocal insurers by reducing the amount of corporate franchise taxes paid by corporate attorneys in fact for reciprocal insurers.

Plaintiffs are corporate attorneys in fact which manage the insurance business of their respective reciprocal or interinsurance exchanges. Before the 1963 amendments, each plaintiff paid a corporate franchise tax on its entire net income in the same manner as other corporations within the state. ■ The corporate franchise tax is a tax on the privilege of doing business in any given year, and its amount is calculated as a percentage of the corporation's net income for the preceding year. (Rev. & Tax. Code, § 23151.) ■ Under the 1963 amendments, plaintiffs' income from the management of insurance exchanges is no longer taken into consideration in the calculation of their franchise taxes. Instead, each plaintiff is treated as a single unit with its insurance exchange and the unit pays a tax on the amount of its gross premiums in the same manner as do stock and mutual insurance companies. Plaintiffs are still subject to a franchise tax but pay either the minimum franchise tax or one based solely on noninsurance income. (Ins. Code, § 1530; Rev. & Tax. Code, §§ 12003, 23151.) As a consequence of these changes plaintiffs' corporate franchise taxes have been reduced.

The 1963 amendments specified they were to become operative January 1, 1964. (Stats. 1963, ch. 1909, § 3.) Plaintiffs brought this suit for a refund of $400,000 of franchise taxes paid in 1964, claiming that these taxes had been improperly determined on the basis of their 1963 net income calculated under the old law. Plaintiffs contend that since the tax was calculated subsequent to January 1, 1964, the basis for determining their 1963 income should be that established by the new law. In opposition, the Franchise Tax Board argues that the 1963 amendments had no effect on a determination of net income earned during 1963, but by specific terms only applied to a determination of net income earned after January 1, 1964.

The trial court concluded that the Legislature intended the 1963 amendments to affect the determination of net income starting with income earned on January 1, 1964, and entered summary judgment in favor of the Franchise Tax Board. ▬▬ The court reasoned that the provision making the amendments operative January 1, 1964, had been inserted by the Legislature in order to negate the effect of Revenue and Taxation Code, section 23058, and that the provision for an operative date would be useless unless given that application.

We agree with the trial court. Revenue and Taxation Code, section 23058 provides, "*Unless otherwise specifically provided* the provisions of any law effecting changes in the computation of taxes shall be applied only in the computation of taxes for income years beginning after December 31st of the year preceding enactment and the remaining provisions of any such law shall become effective on the date it becomes law." (Italics added.) If no provision to the contrary had been made, the change in the manner of determining income would have been applied to income earned during the year 1963, and the amount of the tax would have been reduced beginning with the taxable year 1964. But in this instance, as the Franchise Tax Board points out, the Legislature specifically provided otherwise by postponing the operative date of the statute to January 1, 1964. In so doing it delayed the change in the determination of net income until the income year 1964 and delayed the reduction in tax revenue until the taxable year 1965.

Plaintiffs seek to avoid the thrust of this argument by contending that section 23058 relates only to the Banking and Corporation Tax Law and not to insurance company taxation. (Rev. & Tax. Code, § 23002.) We think this argument ignores the fact that plaintiffs are not completely exempt from franchise taxation under the 1963 amendments. To the contrary, the amendments specifically provide that "each corporate attorney in fact of a reciprocal or interinsurance exchange shall be subject to all taxes imposed upon other corporations doing business in the State, other than taxes directly attributable to property used exclusively in or on income derived from its principal business as corporate attorney in fact. In any event, such corporate attorney in fact shall file an annual return and pay the minimum tax provided for by Section 23151 of the Bank and Corporation Tax Law. . . ." (Ins.

Code, § 1530.) Since plaintiffs remain subject to a franchise tax on their noninsurance income and subject to a minimum tax in any event, section 23058 still applies to the manner in which their franchise taxes are computed. If no operative date had been specified in the 1963 amendments, therefore, the amendments would have begun to affect the determination of net income starting on January 1, 1963.

But obviously some different result was intended by the Legislature when it added a provision for an operative date of January 1, 1964. In construing an act of the Legislature we must attempt to give effect to each of its provisions and harmonize the meaning of the new statute with the pattern of prior legislation. (Code Civ. Proc., § 1858; *Burks* v. *Poppy Constr. Co.*, 57 Cal.2d 463, 470 [20 Cal.Rptr. 609, 370 P.2d 313].) In this instance we must assume that the Legislature was aware of section 23058, and that it provided a delayed operative date in order to postpone the effect of the amendments until the income year 1964. (*Estate of Simpson*, 43 Cal.2d 594, 600 [275 P.2d 467, 47 A.L.R.2d 991].) Any other construction would largely nullify the effect of the provision specifying an operative date for the statute. (Code Civ. Proc., § 1858; *Select Base Materials, Inc.* v. *Board of Equalization*, 51 Cal.2d 640, 645 [335 P.2d 672].)

Plaintiffs contend that the declaration of a member of the Legislature cannot be used to determine legislative intent. It is unnecessary to discuss this issue, for neither the trial court nor this court relied on the declaration.

The judgment is affirmed.

Roth, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied June 16, 1966, and appellants' petition for a hearing by the Supreme Court was denied August 24, 1966. McComb, J., was of the opinion that the petition should be granted.